**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MID-AMERICA CARPENTERS REGIONAL COUNCIL PENSION FUND, MID-AMERICA CARPENTERS REGIONAL COUNCIL HEALTH FUND, MID-AMERICA CARPENTERS REGIONAL COUNCIL SUPPLEMENTAL RETIREMENT FUND AND MID-AMERICA CARPENTERS REGIONAL COUNCIL APPRENTICE AND TRAINEE PROGRAM | ) | |
| | ) | CIVIL ACTION |
| Plaintiffs, | ) | Case No. |
| v. | ) | |
| SCHECK MECHANICAL CORPORATION | ) | |
| Defendant. | ) | |

## COMPLAINT

Now come Plaintiffs, the Mid-America Carpenters Regional Council Pension Fund, et al., by their attorney, Travis J. Ketterman of McGann Ketterman & Rioux, complaining of the Defendant Scheck Mechanical Corporation and allege as follows:

1. This action arises under Section 502 of the Employee Retirement Income Security Act and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

2. The Mid-America Carpenters Regional Council Pension Fund, the Mid-America Carpenters Regional Council Health Fund, the Mid-America Carpenters Regional Council Supplemental Retirement Fund and the Mid-America Carpenters Regional Council Apprentice and Trainee Program (collectively "Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the Mid-America

Carpenters Regional Council, ("Union"), and therefore, are multiemployer plans. (29 U.S.C. §1002). The Trust Funds are administered at 12 East Erie, Chicago, Illinois and venue is proper in the Northern District of Illinois.

3. Scheck Mechanical Corporation is an employer engaged in an industry affecting commerce that entered into a Collective Bargaining Agreement whose terms require Defendant to pay benefit contributions to the Trust Funds.

4. The Collective Bargaining Agreement also binds Scheck Mechanical Corporation to the provisions of the Agreement and Declarations of Trust that created the Trust Funds ("Trust Agreements").

5. Defendant Scheck Mechanical Corporation is required to make contributions to the Trust Funds for each hour worked by its carpenter employees at the rate and in the manner specified in the Collective Bargaining Agreements and Trust Agreements. In addition, Scheck Mechanical Corporation is required to make contributions to the Trust Funds measured by the hours worked by carpentry subcontractors that are not signatory to a Collective Bargaining Agreement with the Union.

6. Pursuant to the provisions of the Trust Agreements and the Collective Bargaining Agreements, Scheck Mechanical Corporation is required to provide access to the records necessary for the Trust Funds to determine whether there has been compliance with the obligation to contribute to the Trust Funds.

7. Scheck Mechanical Corporation breached the provisions of the Collective Bargaining Agreement by failing to make the proper amount of contributions. An audit of the Defendant’s books and records demonstrated that the Defendant owes an additional $12,831.60 in contributions for the period of July 1, 2023 through June 30, 2024.

8. Plaintiffs have been required to employ the undersigned attorney to compel the production of the documents necessary to determine whether Scheck Mechanical Corporation made the proper hourly benefit contributions.

9. Scheck Mechanical Corporation is obligated to pay the attorney and auditor fees and court costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreements, the Trust Agreements and 29 U.S.C. §1132(g)(2)(D).

10. According to the Collective Bargaining Agreement, the Trust Agreements and 29 U.S.C. §1132(g), Scheck Mechanical Corporation is obligated to pay any benefit contributions owed to the Trust Funds, as well as liquidated damages and interest.

11. Pursuant to 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to an amount equal to the greater of (a) double interest; or (b) interest plus liquidated damages.

WHEREFORE, Plaintiffs pray:

A. That Defendant Scheck Mechanical Corporation be ordered to pay any $12,831.60 in benefit contributions owed by the Defendant to the Trust Funds for the period of July 1, 2022 through September 30, 2024;

B. That Defendant Scheck Mechanical Corporation be ordered to pay the attorney and auditor fees and costs incurred by the Plaintiffs;

C. That Defendant Scheck Mechanical Corporation be ordered to pay liquidated damages and interest on the benefit contributions owed by the Defendant to the Trust Funds.

D. That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendant's cost.

Respectfully Submitted,
MID-AMERICA CARPENTERS REGIONAL COUNCIL PENSION FUND et al.

s/Travis J. Ketterman
By: ________________________
TRAVIS J. KETTERMAN

McGann Ketterman & Rioux
111 East Wacker Drive, Suite 2300

Chicago, Illinois 60601
(312) 251-9700
tketterman@mkrlaborlaw.com
August 24, 2026